# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEVE PALMER, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:23-cv-00095 |
| v. | § | Judge Mazzant |
| | § | |
| SCOTT RUTHERFORD, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #6). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

On February 6, 2023, Plaintiff Steve Palmer ("Palmer") filed an action against Defendant Scott Rutherford ("Rutherford") for breach of contract, among other causes of action (Dkt. #1). Palmer is a resident of Grayson County, Texas (Dkt. #1 at p. 2). Rutherford is a resident of Brevard County, Florida (Dkt. #1 at p. 2).

Palmer owned a boat that needed repairs, so he posted on Facebook seeking repair services (Dkt. #1 at p. 2). Palmer alleges that Rutherford "noticed [his] post on social media . . . and held out to [Palmer] that he was qualified to make repairs on [the] boat" (Dkt. #1 at p. 2). Palmer further alleges that Rutherford "solicited [Palmer] for his services over the Internet" (Dkt. #1 at p. 2).

Palmer and Rutherford entered into an oral[1] agreement over Facebook for Rutherford to make the boat repairs (Dkt. #1 at pp. 2–3). Palmer alleges that Rutherford knew Palmer was a resident of Texas (Dkt. #8 at p. 8). Palmer shipped his boat to Rutherford in Brevard County, Florida to make the repairs (Dkt. #1 at p. 2). Palmer alleges that Rutherford requested that payment be sent via PayPal prior to completing the work (Dkt. #1 at p. 2). Palmer further alleges that Rutherford stayed in continuous contact with him while the repairs were being made (Dkt. #8 at p. 7).

According to Palmer, he severed the relationship with Rutherford because he paid for repairs that were not made (Dkt. #1 at p. 1, 3). Rutherford, however, alleges that he was not compensated for his repair work and is owed money (Dkt. #4 at p. 1).

On May 30, 2023, Rutherford filed his Motion to Dismiss for Lack of Jurisdiction (Dkt. #6). On August 11, 2023, Palmer filed his Response in Opposition to the Motion to Dismiss for Lack of Jurisdiction (Dkt. #8).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

---

[1] Palmer describes the parties' agreement as an "oral agreement" (Dkt. #1 at p. 3). However, Palmer also states that the parties "negotiated their contract over the internet, using Facebook" (Dkt. #1 at p. 2 n.1). It is unclear whether the agreement was reached orally or via a written messaging service on Facebook. Regardless, the Court's analysis is the same.

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).  When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)).

## ANALYSIS

Rutherford asserts that the Court lacks personal jurisdiction because: 1) he resides in Brevard County, Florida; and 2) all the work performed on the boat occurred in Brevard County, Florida (Dkt. #6 at p. 1).[2] Palmer does not refute these allegations, but rather argues that Rutherford's contacts with the state of Texas are sufficient to establish personal jurisdiction (Dkt. #8 at p. 6).

The court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's

---

[2] Rutherford is a pro se defendant. Though his motion to dismiss provides very little argument and only a numbered list of case citations without context, he has sufficiently challenged the Court's personal jurisdiction in these circumstances. *See Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (explaining a pro se complaint is to be "liberally construed").

3

long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

Here, the Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Those "minimum contacts" can give rise to two types of personal jurisdiction: general or specific. *See, e.g.*, *Frank*, 947 F.3d at 336. General jurisdiction exists only when the defendant's contacts with the forum are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction exists if the asserted claims arise out of or relate to the defendant's contacts with the forum. *See, e.g.*, *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 197 (5th Cir. 2019).

### I.     General jurisdiction over Rutherford does not exist.

As stated, general jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919); *see Cent. Freight Lines v.*

*APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum state is a difficult standard to meet and requires "extensive contacts" between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Here, Palmer has not alleged that general jurisdiction exists, nor has he alleged facts sufficient to show that Rutherford's contacts with the state of Texas are continuous and systematic. Accordingly, there is no general jurisdiction over Rutherford, and the Court turns its analysis to specific jurisdiction.

## II. Specific jurisdiction over Rutherford does not exist.

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *See, e.g., Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). In evaluating whether due process permits the exercise of specific jurisdiction, courts consider: (1) whether the defendant has "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair

5

and reasonable." *Carmona*, 934 F.3d at 193 (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

For there to be minimum contacts, a defendant must have "purposefully availed himself of the benefits and protections of the forum state such that he should reasonably anticipate being haled into court there." *Carmona*, 934 F.3d at 193 (internal quotations omitted). This requirement is the "constitutional touchstone" of personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Accordingly, establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.* at 475.

If the plaintiff successfully satisfies the first two prongs of the specific jurisdiction analysis, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271. In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "[I]t is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

### A. Rutherford has not purposefully availed himself of the privilege of conducting business in Texas.

Purposeful availment is the "constitutional touchstone" of personal jurisdiction. *Carmona*, 924 F.3d at 193 (quoting *Burger King*, 471 U.S. at 474). Accordingly, specific jurisdiction is appropriate only where the defendant "purposefully availed [himself] of the privilege of

conducting activities in-state, thereby invoking the benefits and protections of the forum state's laws." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013).

"When determining whether a court has personal jurisdiction over a breach of contract claim, 'only those acts which relate to the formation of the contract and the subsequent breach are relevant,' including 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 500 (5th Cir. 2022) (quoting *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018)). Minimum contacts are not established where a nonresident merely contracts with a forum resident. *Id.* (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007)). "Moreover, a plaintiff's unilateral activities in Texas do not constitute minimum contacts where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas." *Id.* (citing *Moncrief*, 481 F.3d at 312). "An exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Id.* (citing *Moncrief*, 481 F.3d at 312).

The main pragmatic account is reasonable expectations. *See Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002) ("[I]n the main a [sic] pragmatic account of reasonable expectations—if you are going to pick a fight in Texas, it is reasonable to expect that it be settled there."). However, "[m]ere foreseeability, standing alone, does not create jurisdiction." *Moncrief*, 481 F.3d at 313. The Court also looks to where the hub of the parties' activities is. *See id.* at 312 ("[O]ur finding of jurisdiction…was supported not only by foreseeability, but also by the fact that the forum state was

7

'clearly the hub of the parties' activities'") (quoting *Miss. Interstate Exp., Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1008–09 (5th Cir. 1982)).

Here, while in Texas, Palmer posted on the internet seeking repair services (Dkt. #1 at p. 2). Rutherford, while in Florida, is alleged to have "noticed the post" and engaged in discussion with Palmer about repairing the boat in exchange for compensation (Dkt. #1 at pp. 2–3).[3] The parties agreed that the boat would be shipped to Florida for Rutherford to make the repairs (Dkt. #1 at p. 2). The boat was then shipped to Florida (Dkt. #1 at p. 2). Rutherford performed all work on the boat in Florida (Dkt. #6 at p. 1).

Based on the foregoing, Palmer has not alleged facts sufficient to establish that Rutherford exercised minimum contacts with the state of Texas to give rise to specific jurisdiction. The only alleged Texas contact related to the breach of contract claim is that the parties negotiated the agreement while Palmer was in Texas and that the boat was shipped from Texas. To be sure, Rutherford did not perform any of his obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas. *See Moncrief*, 481 F.3d at 312. And the parties' exchange of communications in the course of developing and carrying out the contract cannot, by itself, constitute the required purposeful availment. *See id.* Texas was clearly not the "hub of the parties' activities," and it could not have been foreseeable for Rutherford to be haled to Texas to defend himself. *See id.* Accordingly, the Court's analysis stops here. There

---

[3] In his Response to Rutherford's Motion to Dismiss, Palmer alleges that Rutherford "solicited [Palmer] for his services over the Internet while using Facebook" (Dkt. #8 at p. 5). However, in his Complaint, Palmer provides more context, explaining that he, Palmer, "posted the boat on social media and sought repair services," and Rutherford "noticed [his] post on social media . . . and held out to [Palmer] that he was qualified to make repairs on [the] boat" (Dkt. #1 at p. 2). The Court accepts the allegations in Palmer's Complaint as true. *See Int'l Truck*, 259 F. Supp. 2d at 557. Based on the specific facts alleged in the Complaint, the Court is not persuaded that Rutherford's actions can be described as solicitation. Indeed, "Black's Law Dictionary defines 'solicitation' in relevant part as: '1. The act or an instance of requesting or seeking to obtain something; a request or petition[.]'" *United States v. Mejia-Aguilar*, 575 F. App'x 233, 238 (5th Cir. 2014) (citing Black's Law Dictionary (9th ed. 2009)).

8

are not sufficient minimum contacts for the Court to exercise specific jurisdiction. Thus, the Court does not have personal jurisdiction over Rutherford.

## CONCLUSION

It is **ORDERED** that Defendant Scott Rutherford's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #6) is **GRANTED**.

Therefore, it is **ORDERED** that Plaintiff Steve Palmer's claims for Breach of Contract, Common Law Fraud, Negligent Misrepresentation, Money Had and Received, Gross Negligence, Theft of Property, Conversion, Promissory Estoppel, and Unjust Enrichment against Defendant Scott Rutherford are dismissed without prejudice.

**IT IS SO ORDERED.**
**SIGNED** this 3rd day of July, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE